IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JESSICA R. HEGGEN,<br><br>    Plaintiff,<br><br>vs.<br><br>ER SOLUTIONS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____ |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW plaintiff Jessica R. Heggen, by and through her counsel of record, Terry A. Venneberg, and does state and allege as follows:

*JURISDICTION AND VENUE*

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Washington Law Against Discrimination.

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(4), as well as 42 U.S.C. § 2000e-5. This court has pendant jurisdiction over claims brought under Washington law herein.

3. Plaintiff Jessica R. Heggen (hereinafter "Heggen") filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and Washington State Human Rights Commission based on sex against defendant ER Solutions, Inc. on or about October 18, 2007 complaining of the sex discrimination alleged herein. On or about August 6, 2008, the EEOC notified Heggen of her right to institute this action by issuance of a Notice of Right to Sue on her charge. Heggen has complied fully with all administrative prerequisites under Title VII.

4. Venue is proper within this District because the unlawful practices complained of herein occurred within the Western District of Washington.

*PARTIES*

5. Plaintiff Heggen is a female over the age of 18 years and is all respects competent to bring this action. She was employed by ER Solutions, Inc. at its offices located in Renton, Washington from June 4, 2007 until the termination of her employment on or about July 16, 2007. She is a resident of Washington.

6. Defendant ER Solutions, Inc. (hereinafter "ERS"), a corporation in the financial services business, is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b). Upon information and belief, defendant maintains its principal place of business in Washington.

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

## *FACTS*

7. Heggen became employed by ERS as a bookkeeper trainee on or about June 4, 2007. At the time that she became employed by ERS, Heggen was pregnant. ERS learned of Heggen's pregnancy only after she had been offered the position of bookkeeper trainee.

8. The position held by Heggen required that she keep a time card concerning her hours. As a part of her training at ERS, Heggen was supervised by another ERS employee - who was designated as a trainer - concerning the keeping of her time card. The trainer reviewed Heggen's time card each day prior to Heggen turning it in. The computer which recorded hours on the time card was on occasion not operational during Ms. Heggen's time at ERS, and Heggen relied on her trainer to make sure that she was adequately and correctly completing her time card, even with the computer difficulties being experienced. Heggen's trainer never indicated that there was any concern about her time card, either with respect to its adequacy or accuracy.

9. Because of her pregnancy, Heggen was required to attend doctor appointments, which were on occasion during her work day. Heggen was asked to make up time for these appointments both by taking shorter lunch periods, and staying late. Heggen adjusted her time accordingly, based on the direction of her trainer. Heggen's hours would change on a random basis, under the direction of her trainer; however, based on the trainer's daily review and approval of her time cards, Ms. Heggen had no knowledge of any problem with either her hours, or the keeping of her time card.

10. On July 11, 2007, ERS managers called Ms. Heggen into a meeting, and questioned her need for occasional doctor appointments related to her pregnancy. The managers asked her to bring in documentation from her doctor concerning how often such appointments would be required. On

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 3

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

July 13, 2007, Ms. Heggen brought a note in that reflected that she would have to attend 2-3 appointments per month due to her pregnancy.

11. On the next business day after submitting the note from her doctor - July 16, 2007 - Heggen was called into a meeting with management at the end of the day. Heggen was told at the meeting that the hours reflected on her time card for lunch breaks were wrong. Heggen was told that she was fired from her job for lying on her time card, thereby stealing from the company. She was told that she was not considered re-hireable, and was escorted from the premises.

12. The contention by ERS that Heggen had intentionally falsified her time card was without factual basis, and was used by ERS as a pretext for terminating Heggen because of her pregnancy, and the medical appointments that would be required because of her condition. Heggen did not falsify any time card submitted to ERS during her employment with company, and acted at all times in good faith both in keeping track of her hours and in disclosing those hours to ERS. Through its management, ERS knew that Heggen had acted in good faith in keeping track of her hours and in disclosing her hours to the company, but terminated Heggen's employment in spite of having such knowledge.

*FIRST CAUSE OF ACTION - VIOLATION OF TITLE VII*

13. Paragraphs 1 through 12 as set out above are incorporated by reference herein.

14. Defendant's actions, in terminating plaintiff because of her pregnancy, constitute disparate treatment discrimination against plaintiff because of her sex in the terms, conditions and privileges of her employment and a violation of Title VII.

15. As a direct and proximate result of the violations of Title VII by defendant ER Solutions, Inc., plaintiff Heggen has incurred and will continue to incur damages for lost income, lost economic

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566

opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

16. Defendant is also liable for an award of punitive damages to the plaintiff in light of the malice and/or reckless indifference exhibited by defendant towards the plaintiff.

*SECOND CAUSE OF ACTION - VIOLATION OF RCW 49.60.180*

17. Paragraphs 1 through 16 as set out above are incorporated by reference herein.

18. Defendant's actions, in terminating plaintiff because of her pregnancy, constitute disparate treatment discrimination against plaintiff because of her sex in the terms, conditions and privileges of her employment and a violation of RCW 49.60.180.

19. As a direct and proximate result of the violations of RCW 49.60.180 by defendant ER Solutions, Inc., plaintiff Heggen has incurred and will to continue to incur damages for lost income, lost economic opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

WHEREFORE plaintiff prays for the following relief to be granted:

1. That plaintiff be awarded damages for past and future lost income, past and future lost economic opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

2. That plaintiff be awarded punitive damages in an amount shown to be appropriate at trial.

3. That plaintiff be awarded costs, interest and attorneys fees, as provided by applicable law.

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 5

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

4. That such and other further relief as may be deemed appropriate by this court be granted.

**PURSUANT TO F.R.C.P. 38, PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 26th day of August, 2008.

By: /s/ Terry A. Venneberg
Terry A. Venneberg
WSBA No. 31348
1126 Highland Avenue, Suite 101
Bremerton, Washington 98337
Telephone: (360) 377-3566
Fax: (360) 377-4614
E-mail: tavlaw@qwest.net

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 6