1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9

JESSICA R. HEGGEN, an individual,

10

Plaintiff,

11
12

v.

13

ER SOLUTIONS, INC.,

14

Defendant.

15

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. C08-1271RSM

**DEFENDANT'S ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIM**

16    In answer to Plaintiff's Complaint, defendant ER Solutions, Inc., ("Defendant") admits and

17  denies as follows:

18                           **JURISDICTIONAL FACTS**

19                                     1.

20    Defendant denies that Plaintiff was subject to any discrimination during her employment

21  with Defendant.  Therefore, Defendant denies each and every allegation in paragraph 1 of

22  Plaintiff's Complaint, and the whole thereof.

23                                     2.

24    Defendant admits that this Court has jurisdiction over Plaintiff's purported claims, but denies

25  that Plaintiff is entitled to any relief pursuant to the same.  Defendant denies the remaining

26  allegations in paragraph 2, and the whole thereof, except as expressly admitted herein.

27
28  PAGE 1 - **DEFENDANT'S ANSWER, AFFIRMATIVE
              DEFENSES AND COUNTERCLAIM**

**FISHER & PHILLIPS LLP**
111 SW FIFTH AVENUE, SUITE 1250
PORTLAND, OREGON 97204
(503) 242-4262

3.

Defendant admits that Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission and Washington State Human Rights Commission  on or about October 18, 2007.  Defendant is without knowledge sufficient to formulate a belief as to the remaining allegations in paragraph 3, and therefore denies the same.

4.

Defendant admits that venue for Plaintiff's claims is proper in this Court, but denies that Plaintiff is entitled to any relief pursuant to the same, or that any unlawful practices occurred with regard to Plaintiff's employment with Defendant.  Defendant denies the remaining allegations in paragraph 4, and the whole thereof, except as expressly admitted herein.

**PARTIES**

5.

Defendant admits that Plaintiff was employed by Defendant at its offices located in Renton, Washington from on or about June 4, 2007 until termination of her employment on or about July 16, 2007.  Defendant further admits on information and belief that Plaintiff is over the age of 18. Defendant is without knowledge sufficient to formulate a belief as to the remaining allegations contained in paragraph 5, and therefore neither admits nor denies the same.

6.

Defendant admits the allegations in paragraph 6.

**FACTS**

7.

Defendant admits that Plaintiff became employed with Defendant on or about June 4, 2007 as a payment processor.  On information and belief, Defendant admits that Plaintiff was pregnant at the time she was hired.  Defendant denies the remaining allegations in paragraph 7, and the whole thereof, except as expressly admitted herein.

/ / /

/ / /

PAGE 2 - **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

8.

Defendant admits that Plaintiff was required to keep a time card while employed with Defendant.  Defendant is without information sufficient to form a belief as to what Plaintiff "relied" on, and so denies that Plaintiff "relied on her trainer to make sure she was adequately and correctly completing her time card."  Defendant is without sufficient knowledge to form a belief as to what computer Plaintiff is referencing, and therefore denies that "the computer which recorded hours on the time card was on occasion not operational" during Plaintiff's employment with Defendant.  Plaintiff was on the "honor system" and filled out her own time card on a daily basis. Defendant denies the remaining allegations in paragraph 8, and the whole thereof, except as expressly admitted herein.

9.

Defendant is without knowledge sufficient to form a belief as to what Plaintiff was "required" to do, and so denies that Plaintiff "was required to attend doctor appointments, which were on occasion during her work day."  Further, Defendant is without knowledge sufficient to form a belief as to what Plaintiff had knowledge of, and therefore denies that Plaintiff "had no knowledge of any problem with either her hours, or the keeping of her time card."   Defendant denies the remaining allegations contained in paragraph 9, and the whole thereof, except as expressly admitted herein.

10.

Defendant admits that Plaintiff's supervisors had a meeting with her on or about July 11, 2007, but denies that anyone questioned Plaintiff's need for occasional doctor appointments. Rather, because Plaintiff routinely adjusted her hours without providing documentation justifying the need for those adjustments, Defendant requested Plaintiff submit appropriate documentation from her doctor establishing that her schedule changes were related to doctor appointments. Defendant admits that Plaintiff submitted a note from her doctor, dated July 13, 2007, that reflected Plaintiff would have 2-3 doctor appointments per month.

/ / /

/ / /

PAGE 3 - **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**FISHER & PHILLIPS LLP**
111 SW FIFTH AVENUE, SUITE 1250
PORTLAND, OREGON 97204
(503) 242-4262

Portland 74467.1

11.

Defendant admits that Plaintiff was escorted from the premises, as ER Solutions is a secure location and this is standard practice.  On information and belief, Defendant denies the remaining allegations in paragraph 11.

12.

Defendant denies the allegations in paragraph 12.

**FIRST CAUSE OF ACTION – VIOLATION OF TITLE VII**

13.

In response to paragraph 13, Defendant incorporates its responses to paragraphs 1-12.

14.

Defendant denies the allegations in paragraph 14.

15.

Defendant denies the allegations in paragraph 15.

16.

Defendant denies the allegations in paragraph 16.

**SECOND CAUSE OF ACTION – VIOLATION OF RCW 49.60.180**

17.

In response to paragraph 17, Defendant incorporates its answers to paragraphs 1-16.

18.

Defendant denies the allegations in paragraph 18.

19.

Defendant denies the allegations in paragraph 19.

20.

Every allegation in Plaintiff's Complaint, including the prayer for relief, not specifically admitted herein, is expressly denied.

PAGE 4 - **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**FISHER & PHILLIPS LLP**
111 SW FIFTH AVENUE, SUITE 1250
PORTLAND, OREGON 97204
(503) 242-4262

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

21.

Plaintiff's Complaint fails to state a claim for which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

22.

Plaintiff has failed to adequately mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

### (Good Faith Effort)

23.

Defendant has made a good faith effort to comply with all applicable anti-discrimination laws.

## COUNTERCLAIM

### Attorney's Fees and Costs

For its Counterclaim, Defendant realleges all matters admitted and alleged above and further alleges:

Plaintiff's claims are frivolous and were brought in bad faith.  There is no objectively reasonable basis for such claims, and Defendant is entitled to its reasonable fees, including attorney's fees, costs, disbursements and expert witness fees pursuant to RCW 4.84.185.

WHEREFORE,  Defendant having fully answered Plaintiff's Complaint, prays as follows:

1.    That the claims for relief contained in Plaintiff's Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

2.    That Defendant's counterclaim be granted and Defendant recover attorney's fees, costs, disbursements and expert witness fees;

PAGE 5 - **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

3.      That this Court grant Defendant whatever other relief it deems fair and just.

DATED:          September 19, 2008                    FISHER & PHILLIPS LLP


/s/ Clarence M. Belnavis
Clarence M. Belnavis, WSBA #36681
111 SW 5th Avenue, Suite 1250
Portland, Oregon 97204
ATTORNEYS FOR DEFENDANT

PAGE 6 - **DEFENDANT'S ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIM**

**FISHER & PHILLIPS LLP**
111 SW FIFTH AVENUE, SUITE 1250
PORTLAND, OREGON 97204
(503) 242-4262

Portland 74467.1